IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| UNITED STATES, | Criminal Action No. 6:93-cr-00232-JMC-1 |
| v. | Civil Action No. 6:16-cv-03226-JMC |
| | **ORDER AND OPINION** |
| CARLOS DEMOND ROBINSON, | |
| Defendant. | |

Defendant Carlos Demond Robinson is a prisoner currently serving a sentence of nine hundred sixty (960) months in the Bureau of Prisons. *See United States v. Robinson*, Crim. No. 6:03-cr-00616-HMH-1, ECF No. 123 (D.S.C. Dec. 17, 2004).

This matter is before the court on Robinson's "Motion for a Writ of Error Corram [sic] Nobis or 'All Great Writ Act' U.S.C. § 1651(a)" to "Attack [] a Prior Sentence Where an Illegal Prior was Used to Enhance Petitioner's Current Sentence Pursuant to 'Audita Querela' or a 'Writ of Error Coram Nobis § 1651(a)." (ECF No. 56.) Citing to *Bailey v. United States*, 516 U.S. 137 (1995), Robinson "seeks to set-aside his sentence on the grounds 'that the sentence was imposed in violation of the [C]onstitution or the laws of the United States and that the court imposed a sentence that was in excess of the maximum authorized by law and is subject to change under collateral attack as provided in this motion.[']" (ECF No. 56 at 10 (quoting *Davis v. United States*, 417 U.S. 333 (1974)).) For the reasons set forth below, the court **DENIES** Robinson's Motion.

**I.    RELEVANT BACKGROUND TO PENDING MOTION**

On September 21, 1993, the Grand Jury named Robinson in a Superseding Indictment for one (1) count of crack distribution in violation of 21 U.S.C. § 841(a)(1) and one (1) count of knowingly using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. 924(c)(1). (ECF No. 13.) On December 20, 1993, Robinson signed a

1

written plea agreement (ECF No. 15 at 6) agreeing to plead guilty to the § 924(c)(1) firearm offense of the Superseding Indictment (the "1993 conviction"). On May 4, 1994, the court sentenced Robinson to imprisonment for a term of sixty (60) months. (ECF No. 21.) The court entered the Judgment on May 9, 1994. (*Id.*) Robinson did not file an appeal.

In 2002 and 2003, Robinson allegedly distributed a large amount of crack while possessing numerous weapons. (*See, e.g.*, Crim. No. 6:03-cr-00616-HMH, ECF No. 159 at 4–5 ¶¶ 1–7.) Thereafter, on February 10, 2004, the Grand Jury named Robinson in a Superseding Indictment containing the following seven (7) counts:

(1) That beginning at a date unknown to the Grand Jury, but from at least early 2002, and continuing thereafter up to and including the date of this indictment, in the District of South Carolina, the Defendants, CARLOS DEMOND ROBINSON and WISTER PATRICK GATES did knowingly and intentionally conspire, confederate, agree together and have tacit understanding with each other and with various other persons known and unknown to the Grand Jury, knowingly, intentionally, and unlawfully to distribute and to possess with intent to distribute 50 grams or more of cocaine base, commonly known as "crack" cocaine, and a quantity of cocaine, both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(l), 841(b)(l)(A) and 841(b)(l)(C); All in violation of Title 21, United States Code, Section 846.

(2) That on or about February 2, 2003, in the District of South Carolina, the Defendant, CARLOS DEMOND ROBINSON knowingly, intentionally and unlawfully did possess with intent to distribute 50 grams or more of cocaine base, commonly known as "crack" cocaine, and a quantity of cocaine, both Schedule II controlled substances and did aid and abet another person in the commission of the aforesaid offense; In violation of Title 21, United States Code, Sections 84l(a)(l), 841(b)(l)(A), and 84l(b)(l)(C) and Title 18, United States Code, Section 2.

(3) That on or about February 2, 2003, in the District of South Carolina, the Defendant, CARLOS DEMOND ROBINSON knowingly did use and carry firearms during and in relation to, and did possess the firearms in furtherance of, a drug trafficking crime for which he may be prosecuted in a court of the United States, and did aid and abet another person in the commission of the aforesaid offense; In violation of Title 18, United States Code, Sections 924(c)(l) and 2.

(4) That on or about February 2, 2003, in the District of South Carolina, the defendant, CARLOS DEMOND ROBINSON, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, firearms, that is, two SKS rifles, a Lorcin 9mm pistol, a

2

Cobray M-11 9mm pistol, a Phoenix Arms .25 caliber pistol, a Llama .45 caliber pistol and assorted ammunition, all of which had been shipped and transported in interstate commerce; In violation of Title 18, United States Code, Sections 922(g)(l) and 924(a)(2).

(5) That on or about October 30, 2002, in the District of South Carolina, the Defendants, CARLOS DEMOND ROBINSON and WISTER PATRICK GATES, knowingly, intentionally and unlawfully did possess with intent to distribute 50 grams or more of cocaine base, commonly known as "crack" cocaine, and a quantity of cocaine, both Schedule II controlled substances, and did aid and abet each other in the commission of the aforesaid offense. In violation of Title 21 , United States Code, Sections 841(a)(l), 841(b)(l)(A), 841(b)(l)(C) and Title 18, United States Code, Section 2.

(6) That on or about October 30, 2002, in the District of South Carolina, the Defendants, CARLOS DEMOND ROBINSON and WISTER PATRICK GATES, knowingly did use and carry firearms during and in relation to, and did possess the firearms in furtherance of, a drug trafficking crime for which they may be prosecuted in a court of the United States, and did aid and abet each other in the commission of the aforesaid offense; In violation of Title 18, United States Code, Sections 924(c)(l) and 2.

(7) That on or about October 30, 2002, in the District of South Carolina, the Defendants, CARLOS DEMOND ROBINSON and WISTER PATRICK GATES, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, firearms, that is, a Taurus 9mm pistol, a Glock Model-21 .45 caliber pistol and assorted ammunition, all of which had been shipped and transported in interstate commerce, and did aid and abet each other in the commission of the aforesaid offense; In violation of Title 18, United States Code, Sections 922(g)(l), 924(a)(2) and 2.

(Crim. No. 6:03-cr-00616-HMH, ECF No. 49 at 1–4.) On May 26, 2004, following a jury trial, Robinson was found guilty on all seven (7) counts of the Superseding Indictment (the "2004 conviction"), two (2) of those counts being in violation of 18 U.S.C. § 924(c)(1)(A), the amended version of the § 924(c)(1) gun violation Robinson pleaded guilty to in the 1993 conviction. (Crim. No. 6:03-cr-00616-HMH, ECF No. 84.) On December 17, 2004, the court sentenced Robinson to nine hundred sixty (960) months of imprisonment. (Crim. No. 6:03-cr-00616-HMH, ECF No. 123.) "The 1993 conviction caused the two § 924(c)(1) convictions in the 200[][4] [][conviction] to be subsequent offenses and they therefore carried heavier statutory penalties." (ECF No. 73 at

2.) The court entered the Judgment on December 17, 2004. (Crim. No. 6:03-cr-00616-HMH, ECF No. 123.)

On December 28, 2004, Robinson appealed his sentence (in the 2004 conviction) to the United States Court of Appeals for the Fourth Circuit, which affirmed Robinson's convictions on March 22, 2007, but vacated his sentence for further consideration on remand.[1] (Crim. No. 6:03-cr-00616-HMH, ECF No. 166.) Thereafter, on June 18, 2007, the court re-sentenced Robinson to nine hundred sixty (960) months of imprisonment. (Crim. No. 6:03-cr-00616-HMH, ECF Nos. 188, 189.) The court entered the Judgment on June 22, 2007. (Crim. No. 6:03-cr-00616-HMH, ECF No. 189.) Robinson again appealed to the Fourth Circuit, which affirmed Robinson's sentence on February 14, 2008. (Crim. No. 6:03-cr-00616-HMH, ECF No. 215.)

On December 29, 2011, Robinson filed a "Petition See[k]ing Relief Pursuant to the All Writs Act, 28 U.S.C. Section 1651(a) in Light of the Supreme Court Ruling in *Bailey v. United States*, 516 U.S. 137, 116 S. Ct. 501, 133 L. Ed. 2d 472(1995)," which the court construed as a petition for writ of error coram nobis. (ECF No. 41.) In his Petition, Robinson sought to set aside the 1993 conviction for violation of § 924(c)(1). (*See* ECF No. 41 at 4.) The court issued an Order denying Robinson's Petition (ECF No. 42) on February 28, 2012, which was affirmed in an unpublished, per curiam decision by the Fourth Circuit (ECF No. 49) on August 14, 2012.

On September 26, 2016, Robinson filed the instant Motion (ECF No. 56) asserting two (2) primary arguments: (1) "the use of his prior 1993 conviction . . . was impermissible for the court to accept . . . as an eligible prior used in the enhancement purposes of the petitioner's current

---

[1] The Fourth Circuit found that the court committed a statutory error under *United States v. Booker*, 543 U.S. 220 (2005), by treating "the guidelines as a mandatory limitation on its sentencing discretion." *United States v. Robinson*, 221 F. App'x 236, 244 (4th Cir. 2007). "Under *Booker*, 'statutory error occurs when a sentencing court treats the Guidelines as mandatory, rather than as advisory.'" *Robinson*, 221 F. App'x at 243 (citing *United States v. Sullivan*, 455 F.3d 248, 265 (4th Cir. 2006)).

4

sentence" (*id.* at 5); and (2) "he received ineffective assistance of counsel at the time he made his plea" because his attorney failed "to inform him of the consequences of his making a plea in his 1993 conviction, and the ultimate outcome of this plea, to possibly be used against him at a later date[] makes this an 'unknowing and unintelligent plea.'" (*Id.* at 13.) In this regard, Robinson asserts that "if not for this non-usable prior [1993 conviction], petitioner would have received a much lower sentence." (*Id.* at 6.)

On January 4, 2017, the United States of America ("the Government") filed a Response in Opposition to Robinson's Motion. (ECF No. 73.)

The court considers below the merit of Robinson's Motion.

## II. JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1651(a), which states that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

## III. LEGAL STANDARD

"The writ of error coram nobis is an ancient common law remedy that modern federal courts are authorized to issue under the All Writs Act, 28 U.S.C. § 1651(a)." *Baranski v. United States*, 880 F.3d 951, 954 (8th Cir. 2018) (citing *United States v. Morgan*, 346 U.S. 502, 506 (1954)). "Coram nobis is an extraordinary remedy that has traditionally been used to attack [federal] convictions with continuing consequences when the petitioner is no longer in custody[2] for purposes of 28 U.S.C. § 2255." *United States v. Howze*, 521 F. App'x 164, 164 (4th Cir. 2013)

---

[2] "'In custody' refers to custody for the conviction or sentence under attack in the petition for writ, not custody for a subsequent conviction." *Dover v. United States*, No. 1:12-CV-499, 2013 WL 1386635, at *1 (W.D. Mich. Apr. 4, 2013) (citing *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989)).

5

(quoting *United States v. Rhines*, 640 F.3d 69, 71 (3d Cir. 2011)). "As a remedy of last resort, the writ of error coram nobis is granted only where an error is 'of the most fundamental character' and there exists no other available remedy." *United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012) (quoting *United States v. Mandel*, 862 F.2d 1067, 1075 (4th Cir. 1988)). "The writ is narrowly limited to 'extraordinary' cases presenting circumstances compelling its use 'to achieve justice.'" *Id.* at 252 (quoting *United States v. Denedo*, 556 U.S. 904 (2009)). "A petitioner seeking this relief must show that '(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.'" *Akinsade*, 686 F.3d at 252 (quoting *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987)).

"In determining whether a court must address a petition for coram nobis relief, it is appropriate to use the same analytical framework as applied when reviewing successive habeas corpus petitions pursuant to § 2255." *Prince v. United States*, C/A No. 4:07-3179-JFA-TER, 2008 WL 1902774, at *3 (D.S.C. Apr. 25, 2008) (citing *Fleming v. United States*, 146 F.3d 88, 90 (2d Cir. 1998)). "Due to the distinct similarities between coram nobis proceedings and § 2255 proceedings, § 2255 procedure is applied by analogy in coram nobis cases." *Prince v. United States*, 2008 WL 1902774, at *3 (citing *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996)).

### IV.     ANALYSIS

In the instant Motion, Robinson asserts that he is entitled to coram nobis relief as it relates to his 1993 conviction. As his first ground for relief, Robinson attacks his 1993 conviction citing to *Bailey v. United States*, 516 U.S. 137 (1995), in which the Supreme Court of the United States held that "use" under § 924(c)(1) "requires evidence sufficient to show an active employment of

6

the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense" *Bailey*, 516 U.S. at 143 (alterations from original). More specifically, Robinson argues that the "pistol under the secured seat cover of the driver[']s seat" in his case "does [n]ot amount to 'use' . . . as it pertains to *Bailey's* reading of the term." (ECF No. 56 at 3, 10.) In response, the Government contends that Robinson's reliance on *Bailey* is misplaced given the holding of *Muscarello v. United States*, 524 U.S. 125, 136, 138 (1998), which states that "carry" and "use" retain independent meanings, with the term "carry" not being limited to "immediately accessible" or on one's person. (ECF No. 73. at 7–8.)

Upon its review, the court observes that Robinson's reliance on *Bailey* does not provide him an avenue for relief. Robinson previously sought coram nobis relief relying on *Bailey* and this court denied that motion concluding that "whether or not Petitioner 'actively employed' the firearm is entirely irrelevant and does not constitute grounds for relief under coram nobis." (ECF No. 42 at 7.) Based on the arguments he presented in the instant Motion, Robinson has not provided the court with any meritorious reason to contradict its prior decision. *See Durrani v. United States*, 294 F. Supp. 2d 204, 210 (D. Conn. 2003) ("Accordingly, the court will refuse to entertain a coram nobis petition if: (1) the same grounds presented in the current petition were determined adversely to petitioner in an earlier collateral proceeding; (2) the prior determination was on the merits, and (3) the 'ends of justice' would not be served by reaching the merits of the repetitive grounds in the current petition." (citing *Sanders v. United States*, 373 U.S. 1, 15 (1963))); *Sun v. United States*, 342 F. Supp. 2d 1120, 1126–27 (N.D. Ga. 2004) ("As an extraordinary remedy, the writ of error coram nobis may not be used to relitigate matters that have already been put in issue and determined.") (citations omitted); *United States v. Vogel*, No. CRIM. 2:91-440, 2006 WL 1074899, at *2 (D.S.C. Apr. 20, 2006) (quoting *Durrani*). Therefore, the court denies

7

Robinson's Motion based on *Bailey*.

As his second ground for relief, Robinson asserts an ineffective assistance of counsel argument premised on "his attorney[']s failure to inform him of the consequences of his making a plea in his 1993 conviction, and the ultimate outcome of this plea, to possibly be used against him at a later date." (ECF No. 56 at 13.) Specifically, Robinson avers that he was not informed "that he could be held accountable to an enhancement at a later time and date by use of this conviction." (*Id.* at 14.) Robinson further argues that had his "attorney warned him of the collateral consequences of this conviction, it would be an unforegone [sic] conclusion that []he [] would have . . . foregone a plea of guilty to resolve the matter, and tested the [G]overnment[']s case . . . ." (*Id.* at 15.) In response to the aforementioned, the Government asserts that Robinson failed to meet the two-prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). (*See* ECF No. 73 at 8–10.)

"Ineffective assistance of counsel constitutes the kind of fundamental error that may subject a conviction to attack through a writ of error coram nobis." *Grooms v. United States*, CR No. 3:09-1174-CMC, 2013 WL 5771180, at *2 (D.S.C. Oct. 23, 2013) (citing *Akinsade*, 686 F.3d at 252). "To prevail on an ineffective assistance of counsel claim under the Sixth Amendment, [][Robinson] must show both that (1) his counsel was professionally unreasonable and (2) his counsel's deficient performance prejudiced [][Robinson]'s defense." *United States v. Swaby*, 855 F.3d 233, 239 (4th Cir. 2017) (citing *Strickland*, 466 U.S. at 691–92). "To satisfy the first (performance) prong of the *Strickland* test, petitioner must overcome a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' as courts apply a 'heavy measure of deference to counsel's judgments.'" *Grooms*, 2013 WL 5771180, at *2 (quoting *Strickland*, 466 U.S. at 689–91). "Whether counsel's performance was deficient must,

moreover, be determined by viewing counsel's actions or decisions in light of all surrounding circumstances at the time the decision was made, not in the artificial light of hindsight." *Grooms*, 2013 WL 5771180, at *2 (citing *Strickland*, 466 U.S. at 688–89).

In considering Robinson's arguments regarding the allegedly deficient performance of his attorney, the court finds persuasive the observations of the United States Court of Appeals for the Seventh Circuit, which concluded that it is not unreasonable for an attorney to fail to advise "his client that a guilty plea could result in a later sentencing enhancement for a future crime." *United States v. Reeves*, 695 F.3d 637, 640–41 (7th Cir. 2012). In this regard, there is no "constitutional duty to advise the client as to how he might best continue his criminal activity while minimizing his risk of future punishment." *Id.* at 640.

As a result of the foregoing, the court finds that Robinson's attorney did not act unreasonably by failing to advise Robinson of the potential future consequences of 1993 conviction as it relates to the 2004 conviction. Therefore, Robinson cannot demonstrate the requisite showing of substandard performance under *Strickland*. Accordingly, his claim of ineffective assistance of counsel fails.

## V. CONCLUSION

Upon careful consideration of the entire record, the court hereby **DENIES** Defendant Carlos Demond Robinson's "Motion for a Writ of Error Corram [sic] Nobis or 'All Great Writ Act' U.S.C. § 1651(a)." (ECF No. 56.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 16, 2019
Columbia, South Carolina